No. 3097

Article 4727, Revised Civil Statutes of Texas, 1925, and Article 577, Penal Code of Texas, 1925, do not prohibit a life insurance company from making a loan to another corporation if a director or officer of the insurance company is also a director or officer of the borrowing corporation, where the officer or director of the insurance company has no personal interest in the loan and receives no money or valuable thing for negotiating, procuring, recommending, or aiding in the furtherance of the loan, either as principal, co-rincipal, agent or beneficiary in such loan.

OFFICE OF THE ATTORNEY GENERAL

January 6, 1940

Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. O-1586
Re: Construction of Article 4727, Revised Civil Statutes of Texas, and Article 577, Penal Code of Texas.

Dear Sir:

We are in receipt of your letter in which you quote Article 4727, Revised Civil Statutes of Texas, and Article 577, Penal Code of Texas, and request an opinion on the following question:

". . . whether in your opinion Article 4727, supra, prohibits a life insurance company from making a loan to another corporation if a director or officer of the life insurance company is also a director or an officer of the borrowing corporation, the officer or director having no personal interest in the loan and receiving no money or valuable thing for negotiating, procuring, recommending, or aiding in the furtherance of the loan, either as principal, co-principal, agent or beneficiary in such loan."

Article 4727, supra, reads as follows:

"No director or officer of any insurance company transacting business in or organized under the

laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property, or any loan from such company, nor be pecuniarily, interested, either as principal, co-principal, agent or beneficiary in any such purchase, sale or loan. Nothing in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower, not in excess of the reserve value thereof."

Article 577 of the Penal Code provides:

"No director or officer of any insurance company transacting business in this State, or organized under the laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property or loan from such company, nor be pecuniarily interested either as principal, co-principal, agent or beneficiary, in any such purchase, sale or loan. Nothing contained in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower not in excess of the reserve value thereof. Any person violating any provision of this article shall be fined not less than three hundred nor more than one thousand dollars."

Both articles stem from Senate Bill 291, Chapter 108, 31st Legislature, approved March 22, 1909, which reads as follows:

"No director or officer of any insurance company transacting business in this State, or organized under the laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property or any loan from such company, nor be pecuniarily interested either as principal, co-principal, agent or beneficiary, in any such purchase, sale or loan; provided, that nothing contained in this Section shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower not in excess of the reserve value thereof. Any person violating any provisions of this Section shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished

by a fine of not less than $300.00 nor more than $1,000.00."

At the outset we call your attention to the fact that Article 4727 and Article 577 do not prohibit a life insurance company from doing anything.

The two statutes, civil and criminal, do contain an express prohibition, but it is directed at the directors and officers of insurance companies, and in no manner can it be construed as a restraint upon the power and authority of insurance companies to make valid loans.

At the expense of repetition we again call attention to the explicit and unambiguous language of the articles above quoted:

"No director or officer of any insurance company . . . shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in . . . any loan from such company, nor be pecuniarily interested, either as principal, co-principal, agent or beneficiary in any such . . . loan."

The directors and officers of insurance companies are inhibited from receiving any money or valuable thing for their part in negotiating the loan, and also from being pecuniarily interested, either as principal, co-principal, agent or beneficiary in such loan. Any director or officer who violates the law in this respect is subject under the criminal statute to a fine of not less than three hundred nor more than one thousand dollars. But neither the inhibition nor the penalty can be stretched to prevent an insurance company from making a loan to a corporation where a director or officer of the lending insurance company is also a director or an officer of the borrowing corporation. Whatever the guilt of the director or officer-in-common, the insurance company, i.e., the corporate entity, has committed no offense under Articles 4727 and 577, and cannot be punished by fine.

The prohibition, by the clear language of the statutes, being operative against individual officers and directors and not the company itself, a life insurance company may make loans in accordance with the provisions of Section 2 of Article 4725, Vernon's Annotated Civil Statutes, and subject to the regulatory powers of the Board of Insurance Commissioners as set out in Chapter I, Title 78, Insurance, Articles 4679-4698, Vernon's Annotated Civil Statutes.

In this opinion we are not concerned with the relationship of the director or officer to the loan or the degree of interest, direct or indirect, which the director may or may not have in the loan. The question, however, is whether or not the life insurance company may make a loan to another corporation where "a director or officer of the life insurance company is also a director or an officer of the borrowing corporation, the officer or director having no personal interest in the loan and receiving no money or valuable thing for negotiating, procuring, recommending or aiding in the furtherance of the loan, either as principal, co-principal, agent or beneficiary in such loan."

The question is not whether a director of an insurance company which makes a loan to a corporation of which he is also a director falls within the prohibition of the civil and criminal statutes.

It is to be noted that in the question propounded to us the director or officer-in-common is given a clean bill of health. The Board of Insurance Commissioners, using the language of the statute, states that none of the prohibitions of the statute are violated. The statutory phrase "nor be pecuniarily interested" is not incorporated specifically in the question, but the director or officer-in-common is said to have "no personal interest in the loan and receiving no money or valuable thing. . ."

Where, under the language of the articles, there is a serious question that a director of a life insurance company is "pecuniarily interested . . . as . . . beneficiary" in a loan made to a corporation of which he is also a director, it would indeed be doing violence to the language of the statutes under consideration to hold that the prohibition therein operated as a bar against the insurance company, as well as against the directors and officers.

The question propounded presents the weakest situation imaginable for extending the statutory prohibition to a loan by a life insurance company to a corporation with which it has a director in common.

The common law in respect to traffic between two corporations with one or more identical directors or officers supports our construction of Articles 4727 and 577. The following statement in 2 Thompson on Corporations, page 842, is persuasive and illuminating:

"There is no legal presumption of illegality or unfairness, in transactions between two

corporations, from the mere fact that a portion, less than a quorum, of the board of directors in the one constituted a part of that in the other at the same time, and participated in the dealings between the two; but it is only when their dealings are shown to be prejudicial to one of the corporations represented by them that they will be set aside by the courts."

The rule acted on in Texas, in respect to benefit to directors as individuals, as stated in 10 Texas Juris., p. 958, is:

". . . assuming that the transaction be authorized by competent, disinterested directors, and that it passes the test of fairness to the corporation, the interested director may not be deprived of the profits of the transaction."

and

"While the transaction, if otherwise unassailable, is not void because interested directors constituting a minority use their position for the purpose of advancing their own interests, any want of good faith, reflected in the unfairness of the transaction to the corporation, will render it voidable even though sanctioned by a qualified majority of the directors."

The same reasoning is applicable to officers as well as directors.

The contemplated loan would be valid at common law; it is not prevented by the statutory law of this State. We feel that your question is answerable in the negative.

It is our opinion, and you are so advised, that Article 4727, Revised Civil Statutes of Texas, 1925, and Article 577, Penal Code of Texas, 1925, do not prohibit a life insurance company from making a loan to another corporation if a director or officer of the insurance company is also a director or officer of the borrowing corporation, where the officer or director of the insurance company has no personal interest in the loan and receives no money or valuable thing for negotiating, procuring, recommending, or aiding in the furtherance of the loan, either as principal, co-principal, agent or beneficiary in such loan.

Reference was made in your letter of request to an opinion of this department by the writer under date of September 17,

1937, to Honorable R. L. Daniel, Chairman of the Board of Insurance Commissioners, Austin, Texas. In that opinion the main question under consideration was whether the provisions of Articles 4727 and 577, supra, extended to fire and casualty insurance companies, and it was held that they did. Insofar as said opinion in answer to related questions held that Articles 4727 and 577 prevents an insurance company from making a loan to a corporation with which it has a director in common, it is overruled.

We wish to emphasize the fact that this opinion is limited strictly to the circumstances described in your request. There is no attempt on our part to lay down a universal rule applicable to every situation in which a director or officer of the lending insurance company is also a director or officer of the borrowing corporation.

Trusting that we have answered your inquiry satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Dick Stout
Dick Stout, Assistant

DS:LW:wb

This opinion has been considered in conference, approved, and ordered recorded.

/s/ Gerald C. Mann
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS